Chief Justice Boyle
delivered the Opinion of the Court.
This was an action of ejectment. On the trial in the circuit court, the lessor of the plaintiff produced in evidence, a decree of the Grayson circuit coprt, together with a conveyance to himself of the laud in controversy, made by a commissioner in pursuance of the directions of the decree, which decree was pronounced by the court upon a bill filed by the lessor of the plaintiff, and taken for confessed on publication against the unknown heirs of White, the patentee of the land, and of Ramsey, alleged in the-bilTto be non resident. To the reading of the decree and conveyance, the defendant objected, but the court overruled the objection, and -admitted them to be read.
The defendant then moved the court to instruct the jury, that the decree and conveyance did not transfer to the lessor of the plaintiff, the title of the patentee, but the court overruled the motion, and refused to give the instruction,
To each of these opinions of the circuit court, the defendant excepted, and a verdict and judgment having been rendered against him, he has appealed to this court.
The ground of objection to the admission of the decree and conveyance in evidence, and to- their legal effect in transferring the title, to the lessor of the plaintiff, is the want of an affidavit annexed to *267 the bill, that the names of the heirs of White and Ramsey were unknown to the complainant. Such an affidavit is expressly required by the act of sembly, which authorizes a bill in chancery to be filed against unknown heirs, and the want of it would undoubtedly be fatal to a bill on demurrer, and even render the decree on the bill erroneous, and liable to be reversed or set aside, where it has been, as in this case, pronounced upon the bill, taken for confessed for want of an appearance of the>defendants.
davit of cornplainant,that him,-would be fatal on. oj^ere no appearance is entered, the ?eorooraaT 0rset aside,
Decree ab=o-1“^,]]?^’ both as u/defendant and f,ut erroneous only, it is ef. setaSle!^
where the court has not jurisdiction, anUiaVnot " appeared,nor hadthewavndecreed merely void.
But—
Whore the ““''I* has ju* thedofemiant has appeared orbeen w.irnf0 !the°law"S the decree’ is not a nullity, be.
But a decree may be erroneous without being void, and the legal effect of a decree which is merely erroneous and of one which is void, is quite different. If a decree be void, it cannot conclude the rights of the parties to it, and it may be treated by them, as well as by all others, as a mere nullity; but if a decree be not void, however erroneous .soever it may be; it is, notwithstanding, binding upon the parties to it and their privies, until it is reversed or set aside.
This distinction between the legal effect of a void decree or judgment, and of one which is merely erroneous, is founded in good reason, and is sufficiently plain, but by what criteria we may distinguish tlie one class of decrees or judgments from the other, is not so clear.
It may, however, be laid down as a general rule, that wherever the court rendering the decree or judgment has not jurisdiction, or if rendered against a person in his absence, without having the warning which the law requires, the decree, or judgmerit, will oe void.
But if the court has jurisdiction, and the person against whom the decree or judgment has been rendered, has appeared, or has had. the warning which the law requires to. authorise a decree or judgment in his absence, the decree or judgment, however defective in other respects, will bs engineous merely, and not void.
Tested by this rtile, it is evident, that the- decree in this case must be deemed merely erroneous,, and. not void, for want of the-affidavit that the names, of the heirs were unknown to the .complainant, for *268 the land ibr which the decree was rendered being within the county of Grayson, tiio court clearly had jurisdiction of the case, and the warning to the defendants, being by a publication for two months in an authorized newspaper, was such as the law requires to authorize a decree against them. The circuit court was therefore correct, in admitting the decree and conveyance to ho read as evidence, and of course in refusing to instruct the jury that the title did not thereby pass to the lessor of the plaintiff.
Court of the circuit where the land is situated, lias the jurisdiction to ]>3’0-ceetl by proclamation; &c,
Hardin for appellant,' Par by for appellee»
The judgment is affirmed with costs.